**Billy Ray ROBERTSON, Petitioner–Appellant,**

v.

**WARDEN, Respondent–Appellee.**

No. 12–12247
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 7, 2013.

Anna Blitz, Nicole Kaplan, Stephanie A. Kearns, Federal Defender Program, Inc., Atlanta, GA, for Petitioner–Appellant.

Paula Khristian Smith, Samuel Scott Olens, Attorney General's Office, Atlanta, GA, for Respondent–Appellee.

BEFORE TJOFLAT, PRYOR and EDMONDSON, Circuit Judges.

PER CURIAM:

Billy Ray Robertson, a Georgia inmate convicted of felony murder and other charges in 1993, appeals the denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. He argues that the admission, during his state court trial, of statements given by a co-conspirator to a confidential informant years after the completion of the conspiracy violated his rights under the Confrontation Clause. He argues that his co-conspirator's statements introduced at his trial in 1995 violated his rights under the Confrontation Clause because they were testimonial in the light of recent Supreme Court precedent.

The Sixth Amendment protects a criminal defendant's right to confront the witnesses against him. U.S. Const. amend. VI. The Supreme Court explained in *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), that the Sixth Amendment prohibits the introduction of out-of-court *testimonial* statements unless the declarant is unavailable to testify and the defendant had a prior opportunity to cross-examine the declarant. *Crawford,* 541 U.S. at 68, 124 S.Ct. at 1374. The *Crawford* opinion cited *Bourjaily* as an example of a case where non-testimonial statements were properly admitted. *Id.* at 58, 124 S.Ct. at 1368. In *Bourjaily,* the Supreme Court determined that a co-conspirator's unwitting statements to an undercover agent were admissible at trial even though the defendant did not have an opportunity to cross-examine the co-conspirator. *Bourjaily v. United States,* 483 U.S. 171, 181–84, 107 S.Ct. 2775, 2782–83, 97 L.Ed.2d 144 (1987).

In *United States v. Underwood,* 446 F.3d 1340 (11th Cir.2006), we wrote that a statement is testimonial if it was made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial. *Id.* at 1347. Finding that a declarant made statements to a confidential informant without the reasonable belief "that his statement would be available for use at a later trial," we concluded that the statements by the co-conspirator to the confidential informant were not testimonial. *Id.* at 1347–1348.

Applying *Crawford* and conducting a *de novo* review,* we reach the same conclu-

---

* The standard of review (that is, whether deference should be given to the pertinent state

sion as the district court. The pertinent statements in this case—whether or not they met Georgia's hearsay exception—were not testimonial. Accordingly, they were admissible under the Confrontation Clause.

AFFIRMED.

decision) to be applied in this case might be debatable. So, we use a *de novo* standard to give Petitioner—for discussion sake—his best position. A court can reject a petition using *de novo* review because any such claim must also fail under deferential review. *Berghuis v. Thompkins,* 560 U.S. 370, 130 S.Ct. 2250, 2265, 176 L.Ed.2d 1098 (2010); *Allen v. Sec'y, Fla. Dep't of Corr.,* 611 F.3d 740, 753 (11th Cir.2010).